(21 Misc. Rep. 164.)

### YELLOW PINE CO. v. ATLANTIC LUMBER CO.

(Supreme Court, Special Term, New York County. August, 1897.)

1. AFFIDAVIT FOR ATTACHMENT—WHO MAY MAKE—KNOWLEDGE.
    The business knowledge of an officer of a corporation is sufficient, for the purposes of an affidavit for an attachment, where he states that he derives his knowledge from possession of the instrument on which the action is brought, from an examination of the books of the corporation, and from conversations with the employés.

2. PLEADING—VERIFICATION—VENUE—AMENDMENT.
    An affidavit of verification may be amended by filling out the venue by supplying the words "city and county," where it appears that the oath was taken before an officer, as duly certified by him.

Action by the Yellow Pine Company against the Atlantic Lumber Company. On motion to vacate an attachment for insufficiency of proof on which the attachment was granted. Denied.

Burr, Coombs & Wilson, for plaintiff.

Bisbee & Clark, for defendant.

RUSSELL, J. The defendant moves to set aside the attachment against its property for the insufficiency of the proof upon which the attachment was granted. That proof consisted of an affidavit and verified complaint. In the affidavit the person deposing is described as the vice president of the plaintiff, but the affidavit does not state in direct terms that he is such vice president. This defect, however, is remedied by the verification to the complaint. It is

also claimed by the defendant that the affiant does not disclose his means of knowledge of the facts and the nonexistence of counterclaims, and does not state that he was vice president of the company at the time of the occurrence of the events out of which the cause of action arose, and that the verification to the complaint cannot be used to aid the defects in the original affidavit because the venue of the affidavit was not filled out as to the name of the city or county. The vice president states that he derives his knowledge and information from the possession of the written instrument upon which the action is brought, from an examination of the books of the corporation, and from conversations with the employés. It is plain that in managing the affairs of the corporation the officers acquire familiarity with its concerns by the investigation of the books, and by information received from the various employés of the different departments acquired in the regular routine of official service. A business knowledge of the affairs of the corporation is thus obtained, and such business knowledge is sufficient for the purpose of an affidavit, and often for giving common-law evidence upon the trial. In a case like this for the recovery of damages arising out of a contract for delivering property it would be manifestly impracticable in taking the alert steps necessary to obtain an attachment to visit each employé who had personal and direct knowledge of the delivery of a load of lumber and of the precise time when it was delivered; nor is it essential that it should be done. The business practical knowledge acquired by the affiant from his presumed investigations and the duties of his service is sufficient for the purposes of an affidavit for an attachment. And in this view it is not so essential that he should state that he was an official at the time of the occurrence of the events, even if that were necessary, and the presumption might not be inferred that he was such officer, for from the facts which he states he did proceed to obtain the information evidenced by the books and the reports of the employés before he made the affidavit for the attachment. The verification to the complaint appears, as presented to me, to be in due form, with the proper venue laid in the city and county of New York. The words "city and county" have been supplied since the granting of the attachment by order of this court. The court has ample power to allow the form to be supplied, the fact being that the oath was taken before an officer as duly certified by him. The court of appeals has decided in a far more striking instance of the exercise of the power of amendment that even where the jurisdiction of the ministerial officer depended upon proof being presented to him that no answer or demurrer had been received, and the form of an affidavit was handed in which was not even certified to by the notary, and the clerk entered judgment for a large amount, the fact that the affidavit had actually been sworn to was sufficient to justify the court in allowing the amendment nunc pro tunc, although, when the clerk entered the judgment, he had no evidence whatever that the defendants were in default. Fawcett v. Vary, 59 N. Y. 597. The motion to vacate the attachment is denied, with $10 costs.

Motion denied, with $10 costs.